Opinion delivered July 12, 1875, by
Walker, J.
The question here is one of costs. The plaintiff' alleges that after the judgment for costs was obtained against him, that he made a full settlement with the defendant, and before execution was issued obtained from her a release of the costs. He has also shown a receipt acknowledging an indebtedness to him by defendant. This settlement and release are denied by the de *53 fendant, and the deposition taken by the parties are in direct conflict with each other. The costs are for the officers of the court and the witness fees.
This, therefore, distinctly raises the question whether the defendant, who has obtained a judgment for costs, can release from the payment thereof. Previous decisions have settled this. Whilst the legal title to the court costs is in the party who recovers the judgment, he is only a trustee for the officers, and they are entitled to the money.
The Supreme Court have therefore held in Ranch v. Hill’s Executors, 3 Barr, 423, that the officers of the court may sue out execution for them. In Ellsbre v. Ellsbre, 4 Casey, 172, it is held that a plaintiff in a judgment has no right to receive from the defendant the costs and fees of the officers, and his receipt for the same is no discharge to the defendant, and that an execution may be issued on the judgment against the defendant for such costs, although the receipt of the plaintiff has been filed acknowledging satisfaction in full of the debt, interest, and costs of the judgment. This is decisive of the officers’ costs. The defendant’s release can only effect costs to which she was entitled to receive.
As the release to the rest of the costs is in dispute, it cannot be settled in this proceeding.
The rule is therefore discharged.